CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
09/26/2017
JULIA C. DUDLEY, CLERK
BY: s/ F. COLEMAN
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

RUTH ANNE LOUISE PHILLIPS,

                  *Plaintiff*,

v.

LYNCHBURG FIRE DEPARTMENT AND CITY OF LYNCHBURG, VA.,

                  *Defendants*.

CASE NO. 6:16–cv–00063

MEMORANDUM OPINION

JUDGE NORMAN K. MOON

    This case is before the Court on Plaintiff's motion for leave to amend her complaint to add a defamation claim. Previously, the Court dismissed that claim with prejudice because the Complaint failed to identify the allegedly defamatory statements. In support of the motion, Plaintiff now attaches the allegedly defamatory "Confidential Professional Reference Report" (Report), statements in which about Plaintiff are arguably attributable to one of the City's employees, Lynchburg Fire Department Captain Darrel Hamlett. Viewed in Plaintiff's favor, the Report is a record of statements made by Captain Hamlett to someone denominated by the proposed amendment as a consultant. Yet the motion fails because the proposed amendment is futile. The claim is barred by sovereign immunity; the Report contains statements of opinion rather than fact; and performance reviews are protected by a qualified privilege.

I.    **STANDARD OF REVIEW**

    Leave to amend a pleading should be freely given "when justice so requires." Fed. R. Civ. P. 15(a). The Supreme Court has declared that "this mandate is to be heeded." *Foman v. Davis,* 371 U.S. 178, 182 (1962). "[L]eave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the

moving party, or the amendment would be futile." *Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 409 (4th Cir. 2013) (emphasis in original, internal quotations omitted).

## II. DELAY EVINCING BAD FAITH

The City—which is the only remaining defendant in the case (dkt. 33 at 5–6)—contends that the motion should be denied due to bad faith. This argument is based on the fact that, by the motion's own admission, Plaintiff possessed the Report by at least June 2017, if not earlier. (Dkt. 41 at ECF 2; dkt. 42 at 7–8). Yet she waited several weeks, until September 7, 2017, to move for leave to amend. (Dkt. 41).

As dilatory as Plaintiff's actions may have been, delay is not tantamount to bad faith as a matter of law. *See Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509–10 (4th Cir. 1986). "Delay alone is an insufficient reason to deny leave to amend." *Int'l Paper Co. v. Schwabedissen Maschinen & Anlagen GMBH*, 206 F.3d 411, 420 (4th Cir. 2000). "Rather, the delay must be accompanied by prejudice, bad faith, or futility." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999). Because the City does not posit any indicators of bad faith apart from delay, the Court proceeds to its arguments on futility.

## III. FUTILITY

### A. Sovereign Immunity Bars the Claim.

A municipality in Virginia "is immune from liability for intentional torts committed by an employee during the performance of a governmental function." *Niese v. City of Alexandria*, 264 Va. 230, 239 (Va. 2002). State and federal courts in Virginia have applied this principle to dismiss defamation claims against localities, a result which seems apt here. *See Conley v. Town of Elkton*, No. CIV.A. 5:04CV00030, 2005 WL 415897, at *10 (W.D. Va. Feb. 22, 2005) (applying sovereign immunity to statements by police chief about former officer's conspiratorial

plans to disrupt department); *Lohdi v. Fairfax Cty./Bd. of Sup'rs*, No. 1:12-CV-1108 JCC/JFA, 2012 WL 6691539, at *3–4 (E.D. Va. Dec. 21, 2012); *Shumate v. City of Martinsville*, 90 Va. Cir. 122, at *1 (Martinsville Cir. Ct. 2015), *aff'd,* No. 151285, 2016 WL 5327477 (Va. Sept. 22, 2016); *Shumate v. City of Martinsville*, No. 151285, 2016 WL 5327477, at *4 (Va. Sept. 22, 2016) (Mims, J., concurring in relevant part).

The only issue is whether Captain Hamlett's statements were made in the performance of a governmental function.

> A function is governmental if it is directly tied to the health, safety, and welfare of the citizens. Stated another way, a governmental function involves the exercise of an entity's political, discretionary, or legislative authority.

*Niese*, 264 Va. at 239 (internal quotations and citations omitted). *Niese* reveals that governmental functions are broadly defined. It held that "the maintenance of a police force is a governmental function" and that human resource matters are "an integral part of the governmental function of maintain a police force," *id*. at 240, conclusions which equally hold for a fire department.

The facts alleged in the proposed amendment are scant. But they, like the Report, refer to Hamlett specifically in an official capacity, as "Captain" of the "Lynchburg Fire Department." (Dkt. 41-1 ¶ 79; *see id.* ¶ 80). The Report likewise is concerned with Plaintiff's performance during her employment with the Fire Department. The Court holds that, where a supervisor is contacted in his official capacity to provide a performance review of a former employee, the supervisor is executing a governmental function. *See Shumate*, 90 Va. Cir. 122, at *1; *see also McBride v. Bennett*, 288 Va. 450, 456 (Va. 2014)

**B. The Report Contains Opinions, Not Facts.**

Additionally, the Report cannot support a defamation claim on the merits. "[P]ure

expressions of opinion are constitutionally protected and cannot form the basis of a defamation action. Statements that are relative in nature and depend largely upon the speaker's viewpoint are expressions of opinion." *Tharpe v. Saunders*, 285 Va. 476, 737 (Va. 2013). The Report contains merely opinions, not fact. Assuming the statements in the Report upon which the defamation claim is based (¶ 84) actually came from Captain Hamlett (a point the City does not conceded, dkt. 42 at 8 n.1), they fail the *Tharpe* test. They reflect Captain Hamlett's personal beliefs about Plaintiff's interpersonal, planning, decision-making, and crisis management skills, beliefs no doubt turning upon Captain Hamlett's unique viewpoint. Like beauty's dependence on the beholder, squishy concepts like those on which Plaintiff was poorly ranked are not verifiable facts, but opinions. *See Raytheon Tech. Servs. Co. v. Hyland*, 273 Va. 292, 302 (Va. 2007) (agreeing that "performance reviews normally will contain the evaluators' opinions")

### C. Qualified Privilege for Performance Reviews Applies.

Finally, even if Captain Hamlett's purported statements were facts, they would be protected by Virginia's qualified privilege governing performance reviews. *Raytheon*, 273 Va. at 302. The privilege is meant "to encourage open communications on matters of employment while not shielding the use of such communications for an individual's personal malicious purposes." *Id.*; see *Larimore v. Blaylock*, 259 Va. 568, 573, 528 S.E.2d 119, 121 (Va. 2000) (expanding on policy justifications for qualified privilege). Thus, statements in a performance review must be not only false, but maliciously so. *Raytheon*, 273 Va. at 302. Because the proposed amendment does not show Captain Hamlett's malice, the claim fails.

### SUMMARY

The motion for leave to amend will be denied. An appropriate order will issue. The Clerk of Court is requested to send a copy of this Opinion and the accompanying Order to the parties.

Entered this  26th  day of September, 2017.

                                                  *[signature]*
                                                  NORMAN K. MOON
                                                  UNITED STATES DISTRICT JUDGE